IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEANNINE MARIE FELEGI                                                                        PLAINTIFF

vs.                                      Civil No. 2:10-cv-02186

MICHAEL J. ASTRUE                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jeannine Marie Felegi ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The

parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings

in this case, including conducting the trial, ordering the entry of a final judgment, and conducting

all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this

memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed her disability application on November 18, 2008.[2]  (Tr. 10, 92-97).  Plaintiff

alleged she was disabled due to the following: congenital rubella syndrome, blindness in one eye,

cataract in one eye, short term memory loss, attention deficit disorder, osteoarthritis, depression, high

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

[2] Plaintiff's application is actually entitled a "Supplemental Security Income" application.  (Tr. 92-97).  It
appears this is the only application in the record.  Based upon the ALJ's opinion, however, this should actually be
entitled a DIB application.  (Tr. 10).  Thus, this Court presumes this SSI application is actually a DIB application
and will treat the application as such.

blood pressure, and pain.  (Tr. 118).  Plaintiff alleged an onset date of November 14, 2008.  (Tr. 10, 92).  These applications were denied initially and again upon reconsideration.  (Tr. 73-74).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr. 85-91).  Plaintiff's administrative hearing was held on April 22, 2010 in Fort Smith, Arkansas.  (Tr. 37-70).  Plaintiff was present and was represented by counsel, Matthew Ketchum, at this hearing.  *Id.*  Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Dale Thomas testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had obtained her GED.  (Tr. 41).

On July 19, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 10-18).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2012.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 14, 2008, her alleged onset date.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: depression, attention deficit hyperactivity disorder, and osteoarthritis.  (Tr. 12).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13-14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-17, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the work must be unskilled and involve only incidental interaction with others which is consistent with the work performed and should not include any fine detail work.

*Id.* "Light work" includes the following:

> Light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 17, Finding 5).  The ALJ determined Plaintiff's PRW included work as a candle maker, cashier, insurance salesperson, and receptionist.  *Id.*  Based upon her RFC and her ability to only have "incidental interaction with others," the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW.  *Id.*  The ALJ, however, also evaluated whether there was other work existing in significant numbers in the national economy that she could perform.  (Tr. 17-18, Finding 9).  The VE testified at the administrative hearing regarding this issue.  (Tr. 18, 67-68).

Based upon that testimony, the ALJ determined that a hypothetical person with Plaintiff's limitations would be able to perform representative occupations such as (1) production worker with 300,000 such jobs in the nation and 6,300 such jobs in the region; (2) maid with 326,000 such jobs in the nation and 3,000 such jobs in the region; and (3) poultry eviscerator with 53,000 such jobs in the nation and 3,500 such jobs in the region.  (Tr. 18).  The ALJ then determined Plaintiff had not

been under a disability, as defined by the Act, from November 14, 2008 through the date of her

decision or through July 19, 2010.  (Tr. 18, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision.  (Tr. 4-5).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this

unfavorable decision. (Tr. 1-3).  On December 7, 2010, Plaintiff filed the present appeal.  ECF No.

1.  The Parties consented to the jurisdiction of this Court on December 21, 2010.  ECF No. 6.  Both

Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination should be reversed and remanded.  ECF No. 11.  Plaintiff raises several claims to support her argument that this case should

be reversed and remanded.  *Id.*  Specifically, Plaintiff claims the following: (1) the ALJ erred as it

relates to her findings of severe impairments; (2) the ALJ largely ignored Plaintiff's impairments as

set out in the RFC determination by Plaintiff's primary care physician; (3) the ALJ failed to develop

the record as to Plaintiff's impairments regarding congenital rubella syndrome and seizure disorder;

and (4) the ALJ erred in her credibility assessment.  ECF No. 11 at 13-19.  Because the one glaring

error by the ALJ relates to Plaintiff's third argument for reversal, this Court will only address that

argument.

Plaintiff alleged disability due to congenital rubella syndrome.  (Tr. 118).  The record reflects

that, during the relevant time period, Plaintiff had been diagnosed with this impairment and received

treatment for this impairment.  (Tr. 181-183, 247-270).  Indeed, the consultative examination

performed by an independent medical doctor not only confirmed Plaintiff suffered from this

syndrome but that it manifested itself with "remarkable impaired memory."  (Tr. 223-227).

Despite this fact, the ALJ found this impairment was non-severe.  (Tr. 12).  The ALJ based

her finding that this impairment was non-severe upon her independent internet research which

indicated congenital rubella syndrome does not cause brain deterioration as Plaintiff's medical

records suggest.  (Tr. 49-50).  It is worth summarizing the ALJ's statements:

> ALJ:  Counsel, here's another piece of homework for you.  I gave you one in
> another case.  When I don't understand something, shockingly, I go try to
> research it and figure out what it is.  And like everybody else, I went to the
> internet.  And I went looking up congenital rubella syndrome, there is no
> indication [of brain deterioration] in any of the literature that I found.  Now
> granted, I didn't go pay for the, you know, the lengthier medical transcripts,
> because I wouldn't have understood them anyway–but nothing of a
> degenerative nature on those.  So–and if we–you know, that's a big stumbling
> block for me, because if I don't–I don't know where he got this, and I don't
> know what his medical basis is for it.  I'm not saying that he's not right.  But
> what I'm saying is, you know, I went–because what I do when they're odder,
> less common–not odd, but less common diagnosis, I go to the internet, like

everybody else because virtually ever rare or orphaned disorder has a help
group. So I went and looked up congential rubella, and there–I didn't see
anything in regards to later onset degeneration. From everything that I saw,
what you have when you're born is what you have, and it doesn't deteriorate
from there. So the ball's in your court to find me something that's saying
otherwise, because I didn't see that at all. And when I don't find anything
that supports the doctor's basic assumption, then I have problems with
everything else after that.

(Tr. 49-50).

Instead of further developing the record by recontacting Plaintiff's treating sources, the ALJ

"Googled" Plaintiff's illnesses and found her impairments were not disabling. Such a practice is

prohibited. *See Ness v. Sullivan,* 904 F.2d 432, 435 (8th Cir. 1990) (recognizing that "the ALJ must

not substitute his opinions for those of the physician") (citation omitted). Instead, if the ALJ has a

question regarding the impact an impairment has on a claimant's ability to work, the ALJ should

contact that claimant's treating source. *See* 20 C.F.R. § 404.1512(e) (2011).

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

         **ENTERED this 16ᵗʰ day of December, 2011.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE