IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEANNINE MARIE FELEGI                                                                    PLAINTIFF

vs.                                           Civil No. 2:10-cv-02186

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Motion for an Award of Attorney Fees under the Equal Access to Justice Act ("EAJA").  ECF No. 15.  Defendant has responded to this Motion and objects to the number of paralegal hours requested.  ECF No. 17.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.  Pursuant to this authority, the Court issues this Order.

1.    **Background:**

Jeannine Marie Felegi ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On December 19, 2011, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF Nos. 13-14.

On March 14, 2012, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA.  ECF No. 15.  With this Motion, Plaintiff requests an award of attorney's fees of $3,814.80, representing 20.10 hours of attorney work at an hourly rate of $173.00 and 4.50 hours of paralegal work at an hourly rate of $75.00.  *Id.*  Defendant responded to this Motion on March 28, 2012 and objects to 1.30 hours of the requested paralegal time.  ECF No. 17.

**2.     Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable

government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 13-14. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 17. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,814.80 under the EAJA. ECF No. 15. Plaintiff requests these fees at an hourly rate of $173.00 for attorney work performed in 2010, 2011, and 2012. *Id.* This hourly rate of $173.00 per attorney hour is authorized by the EAJA as long as the CPI-South index justifies the enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff's requested rate of $173.00 per hour is authorized by CPI-South index. Thus, this hourly rate is authorized by the EAJA, and this Court finds Plaintiff is entitled to $173.00 per attorney hour for the hours worked in 2010, 2011, and 2012.

Further, this Court has reviewed Plaintiff's request for 20.10 hours of attorney work during 2010, 2011, and 2012. ECF No. 15. Plaintiff has submitted an itemized bill in support of that request. ECF No. 16-1. Defendant does not object to these requested attorney's fees. ECF No. 17. This Court has reviewed the itemized statement from Plaintiff's attorney and finds the requested fees are reasonable. Therefore, this Court awards Plaintiff 20.10 hours of attorney work at an hourly rate of $173.00 or $3,477.30.

As for the requested paralegal fees, Plaintiff seeks 4.50 hours of paralegal work at an hourly rate of $75.00. ECF No. 17. Defendant seeks a reduction of 1.30 paralegal hours. *Id.* Defendant claims this reduction is required because this paralegal work is clerical in nature and not compensable under the EAJA. *Id. See Granville House, Inc. v. Dep't of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (holding that work which can be performed by a support staff is not compensable under the EAJA).

Specifically, Defendant objects to four entries: (1) 12/20/10 - 0.30 hours requested for preparing an affidavit for service and ECF filing of the document; (2) 12/21/10 - 0.20 hours for ECF filing of the Consent To Proceed Before U.S. Magistrate Judge; (3) 12/29/10 - 0.50 hours for preparation of the affidavits of service and ECF filing in the federal court; and (4) 2/29/12 - 0.30 for ECF filing of the EAJA Motion for fees. ECF No. 17. This disputed amount is only 1.30 hours.

While this Court is not inclined to reduce a requested fee award, the time spent in merely filing a document on CM/ECF is properly considered clerical work under the facts and circumstances in this particular case. Thus, this Court finds Plaintiff's requested paralegal award should be reduced by 0.50 for the work performed in merely filing documents on CM/ECF. Thus, this Court finds Plaintiff should be awarded 4.0 hours of paralegal work at an hourly rate of $75.00 or $300.00. Coupled with the award of attorney's hours, this award totals $3,777.30 ($3,477.30 plus $300.00).

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff.* ECF

4

No. 17. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.     Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$3,777.30** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **4th day of April, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE